SATURNINO NEGRÓN ET AL., Plaintiffs and Appellants, *v.* JUAN CORUJO, Defendant and Appellee.

No. 9470.   Argued April 9, 1947.—Decided May 29, 1947.

372

*Ubaldo Aponte* for appellants. *Emilio Buitrago* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In his answer to the complaint in an action of unlawful detainer at sufferance brought against him, the defendant, Juan Corujo, alleged that he had never held possession of the property involved at sufferance but as a co-owner thereof, he having established his home and lived with his family therein for over 30 years. With the issue thus made up the case went to trial. After considering the documentary and oral evidence introduced, the trial judge found that a conflict of titles had arisen, and rendered judgment for the defendant. Feeling aggrieved by that judgment, the plaintiffs appealed to this Court, and in their brief they have assigned four errors. The first two may be discussed jointly. They are to the effect that the district court erred in admitting in evidence a copy of a letter sent to the defendant by the Acting Chief of the Bureau of Property Taxes; and in admitting the record of the summary proceeding taken against José Corujo which includes two letters, one sent to the Collector of Internal Revenue by the chief of said Bureau and another one written to the Collector of Internal Revenue of Patillas, apparently by Pedro Pablo Bonelli. We will discuss said errors presently.

After the plaintiffs had introduced documentary and oral evidence tending to show that they were the owners of the property described in the complaint, the defendant called as a witness Attorney Nicolás Lecároz Largé, who stated that he was Chief of the Attachment and Claim Divi-

sion of the Bureau of Property Taxes of the Department of Finance of Puerto Rico and kept under his custody the record of the summary proceeding taken by said Department against José Corujo. Said record was forthwith offered in evidence by the defendant and the court admitted it over the objection of the plaintiffs. It appears therefrom that on October 16, 1935, the property from which the defendant Juan Corujo is sought to be evicted was sold at public auction for the collection of taxes and that it was awarded to Pedro Pablo Bonelli. The record also contains a copy of a letter sent on March 20, 1942, to the defendant herein by the Acting Chief of the Bureau of Property Taxes, informing the addressee that the 17-acre (*cuerdas*) property entered in the name of José Corujo Flores had been sold at public auction to the aforesaid Pedro Pablo Bonelli on the above-mentioned date and that the same had been subsequently redeemed by Santiago Corujo, a son of José Corujo Flores. The summary proceeding likewise contains a letter signed on April 20, 1940, by Pedro Pablo Bonelli and addressed to the Collector of Internal Revenue of Patillas, advising the latter that the 17–acre property in the ward of Río Arriba had been redeemed within the statutory term by Santiago Corujo, son of José Corujo Flores. The letter sent on April 17, 1940, by the Chief of the Bureau of Property Taxes to the Collector at Patillas also appears in the record. The plaintiffs objected to the admission and consideration of all three letters.

It is an elementary rule of law that hearsay evidence is not admissible. But the exceptions to this rule are so numerous that ordinarily it is said that the exceptions constitute a large part of the Law of Evidence itself. The admission of public documents, records, or proceedings forms one of the exceptions. The reason for this is that, since said documents or records are usually made by persons having no motive to suppress or distort the truth or to manufacture

evidence, and, moreover, are made in the discharge of a public duty and almost always under the sanction of an official oath, they constitute a well-established exception to the rule excluding hearsay. The evidence thus admitted is *prima facie* proof of those acts which are relevant or material to the particular inquiry. 20 Am. Jur., § 1023, p. 861; Wigmore on Evidence, 3d ed., vol. V, § 1632, p. 513; *Id.*, vol. II, § 665 (1), p. 782; and 32 C.J.S., § 626, p. 477.

On the other hand, § 69 of the Law of Evidence (§431 Code Civ. Proc., 1933 ed.) provides that "Other official documents may be proved as follows: . . . .
6. Documents of any other class in Puerto Rico, by the original, or by a copy, certified by the legal keeper thereof." It is only required that a duly certified copy of the document or record be presented or that the original thereof be offered in evidence once the same has been identified by the person who keeps it under his custody. In the present case, the latter requisite was complied with upon admitting the record of the summary proceeding taken by the Department of Finance of Puerto Rico against José Corujo Flores.[1] That record contained copies of letters sent by the Chief of the Bureau of Property Taxes to the Collector of Internal Revenue of Patillas and by the Acting Chief of said Bureau to defendant herein. Since the letters were written in the ordinary course of the official duties of said officers there is no doubt that under the above-stated principle and under our own statute they were admissible in evidence and could be taken into consideration by the trial judge in deciding the case. As to the letter addressed by the purchaser Pedro Pablo Bonelli to the Collector of Internal Revenue at Patillas, the error, if any, in admitting it was harmless, inasmuch as its contents appear in the letter written by the Acting Chief of the Bureau to the defendant.[2] Under these

[1] Cf. § 127 of the Political Code.
[2] Cf. 20 Am. Jur., § 1029, p. 868.

circumstances, the district judge did not err either in admitting in evidence the said record of the summary proceeding taken by the Department of Finance or in considering the letters to which we have already referred. The first two errors assigned by the plaintiffs-appellants are therefore non-existent.

In the two remaining assignments it is urged that the district court erred in deciding that the defendant had introduced some evidence to establish that he did not hold possession of the property herein at sufferance but as a co-owner thereof; and in holding that the evidence showed the existence of a conflict of titles which can not be resolved within an unlawful detainer proceeding. We will also discuss these assignments together.

The record of the summary proceeding, to which we have already referred, fully established that José Corujo Flores had a 17-acre property in the ward of Río Arriba, Patillas, which was awarded at a public auction to Pedro Pablo Bonelli on October 16, 1935, and that said property was later redeemed, within the statutory term,[3] by Santiago Corujo. The oral evidence, on the other hand, showed that the property thus redeemed was the same property, the possession of which is now in issue; that José Corujo Flores was the father of the defendant and died after the property had been sold at public auction; that the property was redeemed by one of the heirs, who died also, and that the defendant Juan Corujo and his family have held possession of and lived in said property for over 30 years. With this evidence before him the district judge concluded that a conflict of title had arisen and that, therefore, judgment should be rendered in favor of the defendant.

On numerous occasions we have held that where in an unlawful detainer proceeding the defendant introduces some evidence tending to show that he is in possession of the prop-

[3] See § 348 of the Political Code.

erty as owner, the complaint should be dismissed, inasmuch as in a summary proceeding of this character a question of title can not be determined. *Colón* v. *Santiago,* 64 P.R.R. 298; *Pérez* v. *Castro,* 52 P.R.R. 263; *Lafontaine et al.* v. *Lafontaine et al.,* 30 P.R.R. 184; *Andino* v. *Canales,* 27 P.R.R. 262; and *Torres et al.* v. *Pérez,* 18 P.R.R. 557.

According to § 348 of the Political Code, such as it was in force at the time the property in question was redeemed, as well as in its present form,[4] where real property is sold at public auction for taxes any heir may redeem the property within the period of one year from the date of the sale. When the property is redeemed by an heir—in this case it was asserted that Santiago Corujo was the heir of his father José Corujo Flores, original owner of the property sold in the summary enforcement proceeding—said heir does not reacquire the property for himself exclusively but for the benefit of all the heirs. *Hernández et al.* v. *Costa,* 16 P.R.R. 423. It is unquestionable that from the evidence as a whole arose a conflict of titles and, this being so, the trial judge acted correctly in rendering judgment for the defendant.

The judgment appealed from should be affirmed.

---

[4] See amendment enacted by Act No. 138 of May 9, 1945, pp. 467, 475.